Amerious F. Callahan, Respondent, *v.* Moses R. Crow, Appellant.

*Bills and notes — a valid note may be purchased of the payee at any price — if taken after maturity it is subject to defenses — delivery of property to an agent is a delivery to the principal.*

A valid promissory note may be purchased of the payees at any price, or, even if given to the holder by the payees, the former may enforce it for its full amount.

A promissory note purchased after maturity is taken subject to all existing defenses.

A delivery made to the agent of a person is equivalent in law to a delivery to the principal.

Appeal by the defendant, Moses R. Crow, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 14th day of May, 1895, upon the verdict of a jury rendered by direction of the court after a trial at the New York Circuit, and also from an order bearing date the 10th day of May, 1895, and entered in said clerk's office denying the defendant's motion for a new trial made upon the minutes.

*Franklin Bien,* for the appellant.

*C. N. Bovee, Jr.,* for the respondent.

Per Curiam :

This action was begun April 4, 1894, to recover the amount due on a promissory note, of which the following is a copy :

" 3750 Dolls.                                   New York, *June 2nd,* 1892.

" One year after date I promise to pay to the order of Dennis. Long, Samuel A. Miller and George J. Long, thirty-seven hundred and fifty dollars and interest at six per centum per annum for value received, I having deposited with this obligation, as collateral security, twenty bonds of one thousand dollars each of the president and directors of the Grand Rapids Hydraulic Company, numbered respectively 227, 228, 514 to 519, both inclusive, 531, 532, 533, 555, 534, 535, 536, 594, 595, 381, 382, 383, bonds numbered 531 to 536, both inclusive, having January, 1890, and subsequent coupons on, and the other bonds having July, 1889, and subsequent coupons on, and four bonds of one thousand dollars each of the New York City District Water Supply Company, with authority to sell the same

without notice, either at public or private sale or otherwise, at the option of the holder or holders hereof, on the non-performance of this promise, he or they giving me credit for any balance of such sale remaining after paying all sums due from me to the said holder or holders, or to his or their order. "M. R. CROW."

This note was given in consideration of the following contract :

"WHEREAS, Dennis Long & Company are the owners of bonds of the president and directors of the Grand Rapids Hydraulic Company amounting in face value to twenty thousand dollars, and numbered respectively 227, 228, 514 to 519, both inclusive ; 531 to 536, both inclusive ; 594, 595, 381, 382 and 383 ; bonds numbered 531 to 536, both inclusive, having January, 1890, and subsequent coupons on ; and the others having July, 1889, and subsequent coupons on, and whereas the said Dennis Long & Company has made a certain request as the holder of said bonds to the American Loan & Trust Company of Boston, trustee, to foreclose the mortgage securing the said bonds ; and,

"WHEREAS, Moses R. Crow, of New York, is desirous of acquiring the title to said bonds,

"*Now, therefore*, in consideration of the premises and of one dollar and other good and valuable considerations paid by the said Crow to the said Dennis Long & Co., receipt of which is hereby acknowledged, the said Dennis Long & Co. do assign and transfer to the said Moses R. Crow all their right, title and interest in and to the said bonds, provided, however, that the said Crow agrees to indemnify and hold harmless the said Dennis Long & Co. from all liability incurred by them by reason of joining in said request to foreclose.

"*In witness whereof*, the said Dennis Long and Company and the said Moses R. Crow have severally set their hands and seals this second day of June, A. D. 1892, to this instrument and to another of like tenor.

> "DENNIS LONG & COMPANY.    [SEAL.]
> "M. R. CROW.    [SEAL.]"

The defendant does not deny the execution of the note, nor of the contract. March 12, 1894, two of the payees and the executors of the third payee assigned this note and the collateral accompanying the same by an instrument in writing to the plaintiff.

The defendant in his answer set up six defenses: (1) He denied the assignment; (2) alleged that the plaintiff was not the real party in interest; (3) that the plaintiff was not the holder of the note for value, but took the same after maturity, paying no consideration therefor; (4) that the note had been paid; (5) that the consideration of the note had wholly failed; (6) that the payees had not delivered to the defendant the bonds for which the note was given.

The assignment of the note was proved beyond question, and that the plaintiff was the real party in interest; and it was quite immaterial how much he paid for the note. If it were given to him, his right of action thereon was as perfect as though he had paid the full amount of the note, with interest, to the payees. The plaintiff conceded on the trial that he took the note after it fell due, and that it was subject to all the defenses that might have been interposed to an action brought thereon by the payees. There was no attempt made on the trial to show that the note had been paid. This disposes of the first four defenses.

The fifth and sixth defenses are substantially the same, and in support of them the defendant testified that he had never received the bonds described in the contract and in the note. It was undoubtedly true that the bonds were not delivered to the defendant personally, but it was proved beyond dispute that the contract entered into was negotiated by Stanton D. Loring, of Boston, on behalf of the defendant, to whom the bonds were sent, and they, with the defendant's note, were returned by Loring to the payees. The delivery to Loring, who negotiated the contract for the defendant, was equivalent to a delivery to him, and so the defense that the consideration had failed was not established. The defendant was not in a position to show and did not attempt to show that the bonds were not obligations of the corporation which issued them, for he was the president of that corporation and had signed the bonds.

It may be that the defendant made a bad bargain, but that is not a good defense to the action on the note.

The judgment and order should be affirmed, with costs.

Present — VAN BRUNT, P. J., FOLLETT and PARKER, JJ.

Judgment and order affirmed, with costs.